NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESUS ADRIAN LOPEZ-MERCARDO,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    15-73669

Agency No. A013-605-267

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Jesus Adrian Lopez-Mercardo, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Lopez-Mercardo testified he had never been harmed in Mexico, but fears harm from unidentified people if he returns. Substantial evidence supports the BIA's conclusions that Lopez-Mercardo failed to establish a well-founded fear of future persecution or that it is more likely than not that he would be persecuted on account of a protected ground. *See Nagoulko v. INS*, 333 F.3d 1016, 1018 (9th Cir. 2003) (fear not objectively reasonable where it was too speculative); *see also INS v. Stevic*, 467 U.S. 407, 430 (1984) (explaining the difference between the asylum and withholding of removal standards.) Thus, Lopez-Mercardo's asylum and withholding of removal claims fail.

Finally, substantial evidence supports the agency's denial of CAT relief because Lopez-Mercardo failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (fear of future torture speculative); *Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008) (evidence did not indicate a particularized threat of torture to petitioner).

**PETITION FOR REVIEW DENIED**.

15-73669